## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Mark L.,[1]                                                    Case No. 21-cv-02281 (KMM/LIB)

            Plaintiff,

v.
                                                                         **ORDER**

Kilolo Kijakazi,
Acting Commissioner of Social Security,

            Defendant.

The above matter comes before the Court upon Plaintiff Mark L.'s Objection to the October 26, 2022 Report and Recommendation ("R&R"), issued by Magistrate Judge Leo I. Brisbois. [Objection, ECF No. 25; R&R, ECF No. 24]. Judge Brisbois recommends that Mr. L.'s motion for summary judgment be denied, and Acting Commissioner Kijakazi's motion for summary judgment be granted. For the reasons set forth below, the Court overrules Mr. L.'s Objections, accepts the R&R, denies Mr. L.'s motion for summary judgment, and grants the defendant's motion for summary judgment.

### I.      Standard of Review

After an R&R is issued, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which

---

[1] This District uses only the first name and last initial of any nongovernmental parties in Social Security opinions. Accordingly, where the Court refers to Plaintiff by name, only his first name and last initial are provided.

objections are made and provide a basis for those objections." *United States v. Miller*, Crim. No. 20-232(19) (JRT/BRT), 2022 WL 3644894, at \*2 (D. Minn. Aug. 24, 2022) (quoting *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at \*2 (D. Minn. Sept. 28, 2008)). The Court reviews *de novo* those portions of the R&R to which specific objections are made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

When reviewing an Administrative Law Judge's ("ALJ") decision to deny disability benefits, the Court must determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"); *see also Buckner v. Apfel*, 213 F.3d 1006, 1012 (8th Cir. 2000) ("We may reverse and remand findings of the Commissioner [through the ALJ] only when such findings are not supported by substantial evidence on the record as a whole."). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Buckner*, 213 F.3d at 1012 (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). The Court "will not reverse an administrative decision simply because some evidence may support the opposite conclusion." *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011) (quotations and citations omitted).

## II.    Background

Mr. L. primarily objects to the R&R's determination that the ALJ properly evaluated the medical opinions of Mr. L.'s therapist, Katherine Schmidtbauer. [Objection at 2.]

Because the R&R contains a thorough discussion of the evidentiary record, the Court recounts the relevant background here only briefly. On May 30, 2019, Mr. L. filed a Title XVI application for supplemental security income, and on May 31, 2019, he filed a Title II application for a period of disability and disability benefits. [Administrative Record, ECF No. 17, Pgs. 13, 231, 235.][2] The Commissioner denied Mr. L.'s claims on September 17, 2019, and again, on May 19, 2020. [Administrative Record at 13.] On June 1, 2020, Plaintiff filed a written request for a hearing before an Administrative Law Judge [*Id.*]

On December 24, 2020, ALJ Corey Ayling issued a decision denying Mr. L.'s request for a period of disability and disability insurance benefits, as well as his request for supplemental security income. [Administrative Record, 13–28.] In making his decision, the ALJ considered the opinion of Ms. Schmidtbauer that Mr. L.'s severe impairments would negatively impact his ability to work in a variety of ways. Judge Ayling determined that Ms. Schmidtbauer's opinions were inconsistent with other evidence in the record, specifically "the largely unremarkable mental status examination findings reported by the [Plaintiff's] other treatment providers as well as the [Plaintiff's] extensive activities of daily living." [*Id.* at 25–26.]  The ALJ also noted that Ms. Schmidtbauer's opinions regarding Mr. L.'s impairments were "not persuasive because they [were] not well-supported by her own treatment records reflecting largely normal mental status examination finding and good response to therapy." [*Id.* at 26.] Mr. L. sought review of Judge Ayling's decision by the Appeals Counsel, which was denied [*Id.* at 1–3, 228–230],

---

[2] Where the Court cites to the Administrative Record, it refers to the page numbers found in the bottom-right corner of these exhibits.

and the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481.

## III.   Discussion

Mr. L. objects to the R&R's conclusion that the ALJ properly evaluated the therapist's opinions as required by 20 C.F.R. § 404.1520c. [Objections at 2.] Based on the Court's careful review, Mr. L.'s objections are overruled.

Mr. L. specifically asserts that the ALJ did not sufficiently address the "supportability" and "consistency" factors as required by 20 C.F.R. § 404.1520c. When evaluating the persuasiveness of a medical opinion, an ALJ considers five factors: 1) supportability;[3] 2) consistency;[4] 3) relationship with the claimant; 4) specialization; and 5) other factors. *Id.* § 404.1520c(c). Of these factors, the two most important are supportability and consistency. *Id.* § 404.1520c(b)(2). An ALJ must explain *how* these two factors were considered. *Id.* However, an ALJ may discount the opinion of a medical provider if their opinion is conclusory, unsupported, or contradicted by other evidence in the record. *Martise v. Astrue*, 641 F.3d 909, 925 (8th Cir. 2011) ("An ALJ may justifiably discount a treating physician's opinion when that opinion is inconsistent with the

---

[3] "*Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 1520c(c)(1).

[4] "*Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 1520c(c)(2).

physician's clinical treatment notes.") (quotation omitted); *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997).

Even applying a *de novo* lens for review, the Court agrees with the R&R's determination that the ALJ properly analyzed the supportability and consistency factors. [R&R at 16–21.] The ALJ engaged in a more thorough exploration of the record, but the Court recounts two ways the ALJ properly explained his consideration of the supportability and consistency factors. First, the ALJ explained that Ms. Schmidtbauer's medical opinions were "not persuasive because they [were] not well-supported by her own treatment records reflecting largely normal mental status examination finding[s] and good response to therapy." [Administrative Record at 26.] Additionally, the ALJ noted that Ms. Schmidtbauer's medical opinions were "inconsistent with other substantial evidence of record, including the largely unremarkable mental status examination findings reported by the [Plaintiff's] other treatment providers as well as the [Plaintiff's] extensive activities of daily living." [*Id.* at 25–26.] Contrary to Mr. L.'s characterization of the ALJ's assessment as "terse and meek analysis," the Court finds it both adequately supported by evidence in the record and sufficiently explained. The Court also agrees with the R&R's determination that several of Ms. Schmidtbauer's opinions appear to be based on Plaintiff's subjective reports. [Administrative Record at 444, 763–766, 768–769; R&R at 20.] *See Brian S. v. Saul*, No. 18-cv-1893 (HB), 2019 WL 4082948, at *9 (D. Minn. Aug. 29, 2019) ("[I]t is permissible for an ALJ to discredit opinions that are premised on a claimant's own subjective complaints in the absence of objective findings.") (citation omitted).

Even if, as Mr. L. suggests, there is evidence in the record which undermines the ALJ's conclusion, the Court must affirm the ALJ's decision because it is supported by substantial evidence. *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009); *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008); *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992). The R&R properly relied upon the binding caselaw and statutory framework that govern cases like this. Therefore, the Court agrees with the R&R's recommendations that the ALJ sufficiently addressed the supportability and consistency factors as required by 20 C.F.R. § 404.1520c, and that the defendant's motion for summary judgment be granted. [R&R at 15–21.]

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation [ECF No. 24] is **ACCEPTED**.

2. Plaintiff's Objections [ECF No. 25] are **OVERRULED**.

3. Plaintiff's Motion for Summary Judgment [ECF No. 19] is **DENIED**.

4. Defendant's Motion for Summary Judgment [ECF No. 21] is **GRANTED**.

**Let Judgment Be Entered Accordingly.**

Date: March 29, 2023

       *s/Katherine Menendez*
       Katherine Menendez
       United States District Judge